UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>        Petitioner,       )<br>                          )<br>v.                         )<br>                          )<br>EMMIT J. McHENRY,          )<br>        Respondent.       ) | Civil Action No. 1:07cv944 |

**MEMORANDUM OPINION**

This is a petition for enforcement of an Internal Revenue Service (IRS) summons issued to respondent Emmit J. McHenry seeking information related to McHenry's income tax liability for the tax years 2001 and 2002. McHenry contends the petition must be dismissed because it is barred by the three-year statute of limitations on tax assessments in the Internal Revenue Code (IRC), 26 U.S.C. § 6501(a) (2005). For the reasons that follow, McHenry's arguments fail, and the petition must be granted and the summons enforced.

**I.**

Respondent Emmit J. McHenry is currently a resident of Great Falls, Virginia. During the tax years in question, those ending December 31, 2001 and December 31, 2002, McHenry claims he was a *bona fide* resident of the U.S. Virgin Islands. McHenry also claims that he timely filed a Form 1040 and paid tax to the Virgin Islands Bureau of Internal revenue (BIR) for the tax years 2001 and 2002. Sometime in late 2004, McHenry was contacted by IRS Agent Andrew Dixon, who notified McHenry that the IRS was examining his 2001 and 2002 returns. Thereafter McHenry met with IRS agent Anh Reach of the IRS's Austin, Texas office on January 19, 2006, at which time he

provided only some of the documents the IRS had requested. Although McHenry supplied some additional documents on at least three later dates, he has refused to provide all of the documents listed in the IRS's summons, claiming that some of the requested documents had been stolen from him and arguing that other requested documents were already in the IRS's possession. Quite apart from his refusal to provide all the requested documents, McHenry has also failed to appear at a scheduled meeting with IRS agents in October 2006. The IRS further alleges that since that time, McHenry has consistently failed to appear to provide the requested information and has refused to comply with the summons.

The IRS filed this petition to enforce its summons in September 2007 and McHenry responded, claiming that the petition and summons are barred by the IRC's three year statute of limitations. As the issues have been fully briefed and argued orally, the matter is now ripe for disposition.

## II.

### A.

The standard for judicial enforcement of an IRS summons is well established and not disputed here. To obtain enforcement of a summons, the IRS must show (1) that its investigation is conducted pursuant to a legitimate purpose, (2) that the summons, and the information it seeks, is relevant to that purpose, (3) that the information sought is not already within the IRS's possession, and (4) that the required administrative steps have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006). Importantly, the IRS need only make a *prima facie* showing of these elements, and such a showing is satisfied by "an

affidavit of an agent involved in the investigation averring the *Powell* good faith elements." *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987). Once the IRS has established its *prima facie* case in support of enforcement, the burden shifts to the taxpayer to disprove any element of the *prima facie* case, or to demonstrate that judicial enforcement of the summons would constitute an abuse of the court's process.[1] The taxpayer's burden in rebutting the government's *prima facie* case is a heavy one.[2] In the event a taxpayer fails to satisfy this heavy burden, the summons will be enforced.[3]

Here, the IRS has complied with *Powell* by submitting a declaration by Agent Anh Reach averring each of the four *Powell* elements. Specifically, Agent Reach avers that (1) the summons in this case was issued in furtherance of her investigation into McHenry's tax liability for the tax years ending December 31, 2001 and December 31, 2002; (2) the information sought is relevant to a determination of McHenry's tax liability for the years in question; (3) the information sought is not already in the possession of the IRS; and (4) the IRS has complied with all administrative steps required for the issuance of a summons. Accordingly, the IRS has met its burden under *Powell* to demonstrate a good-faith basis for enforcement of the summons. *Powell*, 379 U.S. at 57-58;

---

[1] *Mollison v. United States*, 481 F.3d 119, 122 (2d Cir. 2007); *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997); *United States v. Leventhal*, 961 F.2d 936, 939-40 (11th Cir. 1992); *United States v. Will*, 671 F.2d 963, 965 (6th Cir. 1982).

[2] *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999); *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998); *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985); *United States v. Barter Systems, Inc.*, 694 F.2d 163, 167 (8th Cir. 1982).

[3] *See Crystal*, 172 F.3d at 1152-53; *Barter Systems*, 694 F.2d at 169; *Balanced Financial Management*, 769 F.2d at 1444-45.

*Conner*, 434 F.3d at 680.

**B.**

Because the IRS has made a *prima facie* showing of the four *Powell* elements, the burden shifts to McHenry to rebut any of the *Powell* elements or to demonstrate that enforcement of the summons would be an abuse of judicial process. *Mollison*, 481 F.3d at 122. In this respect, McHenry challenges the IRS's position on three of the four *Powell* elements.[4] These challenges fail.

First, McHenry argues that the summons does not serve a legitimate purpose because the running of the three year statute of limitations on tax assessments precludes any further tax liability on his part beyond the amounts he has already paid for the tax years in question. In McHenry's view, his filings with the Virgin Islands BIR triggered the three year statute of limitations in the IRC, 26 U.S.C. § 6501(a), and barred issuance of the summons. In support, McHenry notes that while the IRC does not apply to the Virgin Islands, a "mirror" statute exists which is identical in all respects to the IRC, except that the government of the Virgin Islands is substituted in lieu of the United States for tax payment purposes. *See* Naval Services Appropriation Act of 1921, 48 U.S.C. § 1397 (1976); *Chase Manhattan Bank, N.A. v. Gov't of the Virgin Islands*, 300 F.3d 320, 322-23 (3d Cir. 2002) (explaining the Virgin Islands' "mirror" internal revenue statute). According to McHenry, therefore, because a *bona fide* Virgin Islands resident need only file a single tax return and pay Virgin Islands and federal taxes to the Virgin Islands BIR, his filing of tax returns with the BIR in 2001 and 2002 satisfied his filing obligation and triggered the three year statute of limitations.

---

[4] McHenry nowhere suggests that the IRS has failed to follow the required administrative steps applicable to issuance of a summons.

McHenry's argument fails chiefly because it fails to acknowledge and take account of the important distinction between a summons and an assessment. A summons is an investigatory tool by which the IRS may require the production of books, papers, records, or other data, or the presence of the person subject to inquiry, "for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a) (1982). By contrast, an assessment is a formal determination of tax liability by the IRS. *See* 26 U.S.C. §§ 6201–07. The three-year statute of limitations contained in 26 U.S.C. § 6501(a) plainly applies only to assessment, not to summons or any other investigatory procedure.[5] This finds explicit confirmation in *Powell*, where the Supreme Court stated that

> The present three-year limitation on assessment of ordinary deficiencies relieves the taxpayer of concern for further assessments of that type, but it by no means follows that it limits the right of the Government to investigate with respect to deficiencies for which no statute of limitations is imposed.

*Powell*, 379 U.S. at 56 n.15. Since *Powell*, the Eighth Circuit has squarely addressed the precise argument McHenry advances here. In *United States v. Lask*, 703 F.2d 293 (8th Cir. 1983), the Eighth Circuit relied on *Powell* to reject a claim that the running of the three-year statute of limitations barred enforcement of a summons. *Lask*, 703 F.2d at 300. For the reasons stated in *Powell* and *Lask*, McHenry's argument that the running of the three-year statute of limitations on assessments bars enforcement of a summons must likewise fail.

---

[5] *See* 26 U.S.C. § 6501(a) ("Except as otherwise provided in this section, the amount of any tax imposed by this title shall be *assessed* within 3 years after the return was filed . . . .") (emphasis added).

Of course, if following enforcement of the summons here the IRS attempts to assess taxes as to which the statute of limitations applies, McHenry will be free to assert the running of the statute as a defense to payment. Whether such an assertion would succeed is a question neither presented nor decided here. Worth noting, however, is that enforcement of the summons may reveal that McHenry has a tax liability for the tax years in question as to which the statute of limitations does not apply—as might be the case if the IRS discovers that McHenry was not in fact a *bona fide* resident of the Virgin Islands during the tax years in question (and so failed to file a U.S. return), or that he filed a false or fraudulent return. The purpose of the summons is to allow the IRS to determine whether such liability exists, and *Powell* clearly recognizes that such investigations are a legitimate purpose underlying enforcement of a summons. In short, McHenry's statute of limitations challenge to the first element of the IRS's *Powell* showing is unavailing to bar the issuance of the summons.

Nor, contrary to McHenry's argument, is it necessary for the IRS to allege fraud or any other ground that would render the statute of limitations inapplicable. *See* 26 U.S.C. § 6501(c) (listing exceptions to the three year statute of limitations). To the contrary, it is well settled that the IRS need not meet any probable cause standard to obtain judicial enforcement of a summons. *Powell*, 379 U.S. at 56 ("We are asked . . . to impose a probable cause standard upon the [IRS] from the expiration date of the ordinary limitations period forward. Without some solid indication in the legislative history that such a gloss was intended, we find it unacceptable."); *see also Lask*, 703 F.2d at 300 ("Although no fraud is alleged in the petitions for enforcement, this court has held that the IRS may require the production of records for time-barred years which are relevant to its

6

investigation, even though there is no allegation or evidence of fraud."). Thus, the fact that the IRS has not alleged fraud does not preclude enforcement of the summons.

Second, McHenry argues that much of the information sought by the summons, including information pertaining to years prior to and subsequent to the tax years in question, is irrelevant to an investigation into his tax liability for the tax years ending December 31, 2001 and December 31, 2002. Contrary to McHenry's argument, Agent Reach has averred in her declaration that this information is relevant to the IRS investigation. Although the summons requests information pertaining to years other than those under direct investigation, it is apparent that such information may be relevant to a determination of whether McHenry has accurately declared and paid U.S. federal tax on his income during the tax years in question. It follows, therefore, that McHenry's challenge to the second element of the IRS's *Powell* showing fails, as well.

Third, McHenry argues that much of the information sought by the summons is already in the possession of the IRS. In her declaration, Agent Reach avers that the IRS does not possess the information sought. That is sufficient to establish the required showing under *Powell*, and McHenry's contrary assertion is insufficient to rebut the IRS's *prima facie* case. *See Alphin*, 809 F.2d at 238; *see also Balanced Financial Management*, 769 F.2d at 1444-45 (allegations supporting a bad faith defense are insufficient if conclusory). Thus, McHenry's challenge to the IRS's third *Powell* element fails.

In summary, the IRS has met its burden under *Powell* to make a *prima facie* showing that (1) its investigation serves a legitimate purpose, namely determination of McHenry's tax liability for the tax years ending December 31, 2001 and December 31, 2002; (2) the summons, and the information

sought in the summons, is relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed all required procedural steps for the issuance of a summons. McHenry has failed to rebut the IRS's showing on any of these elements, nor has he shown that enforcement of the summons would be an abuse of judicial process. Accordingly, the IRS's petition to enforce its summons must be granted.

  An appropriate order will issue.

                                      /s/
Alexandria, Virginia                     T.S. Ellis, III
May 7, 2008                        United States District Judge